UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ELMARKO IRON,

      Plaintiff,                                            Hon. Janet T. Neff

v.                                                        Case No. 1:12 CV 280

CALHOUN COUNTY JAIL, et al.,

      Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant Vergin, Tendziegloski, and Watson's Motion for Summary Judgment</u>, (dkt. #17), and <u>Defendant Wellman's Motion for Summary Judgment</u>, (dkt. 20). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted** and this action **terminated**.


## BACKGROUND

Plaintiff initiated the present action on March 22, 2012, against the Calhoun County Jail and the following individuals: Rudolf Vergin, Dave Tendziegloski, Steve Watson, and Cynthia Wellman. The following allegations are contained in Plaintiff's unverified amended complaint. (Dkt. #3). On February 2, 2012, Plaintiff arrived at the Calhoun County Jail. Shortly thereafter, Plaintiff suffered a seizure in response to which he was transported to a local hospital for treatment. On February 9, 2012, Plaintiff was given a special accommodation that he be housed on the "main floor" and not be placed in a "top bunk."

On or about March 1, 2012, an unidentified "staff member" directed Plaintiff to relocate to the top bunk in a cell on an upper floor of the jail. Plaintiff protested, but nevertheless complied with, this directive. The situation was corrected "about an hour later" and Plaintiff was returned to his previous location. Defendant Vergin, at Defendant Watson's behest, later instructed Plaintiff that if he was planning to sue the jail over this incident, "he doesn't want to hear anything else about it." Plaintiff also requested copies of the "paperwork concerning [his] medical situation," but this request was denied by Defendants Vergin and Wellman.

Plaintiff seeks unspecified damages for "pain and suffering." Plaintiff's claims against the Calhoun County Jail have since been dismissed. Defendants Vergin, Tendziegloski, Watson, and Wellman now move for summary judgment. Plaintiff has failed to respond to the present motions.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court subsequently held, to satisfy this Rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing

*Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim

for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

**I.        Defendant Tendziegloski**

Plaintiff has been permitted to proceed as a pauper in this matter. (Dkt. #6). Because Plaintiff is proceeding as a pauper, the Court "shall. . .at any time" dismiss any claims in Plaintiff's complaint that are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2). While Plaintiff has identified Defendant Tendziegloski as a defendant in his amended complaint, Plaintiff makes absolutely no factual allegations therein against Tendziegloski. As Plaintiff has failed to allege any facts that would entitle him to obtain relief from Defendant Tendziegloski, the undersigned recommends that Plaintiff's claims against Tendziegloski be dismissed for failure to state a claim on which relief may be granted.

**II.		Defendant Wellman**

With respect to Defendant Wellman, Plaintiff alleges that she provided him with pain medication on several occasions and refused his request to make copies of the "paperwork concerning [his] medical situation." Neither of these allegations states a plausible claim for relief. The undersigned recommends, therefore, that Plaintiff's claims against Defendant Wellman be dismissed for failure to state a claim on which relief may be granted.

**III.		Defendant Vergin**

Plaintiff alleges that Defendant Vergin also refused his request to make copies of the "paperwork concerning [his] medical situation." Again, this allegation fails to state a plausible claim for relief. Accordingly, the undersigned recommends that this particular claim be dismissed for failure to state a claim on which relief may be granted.

Plaintiff also alleges that Defendant Vergin instructed him that if he was planning to sue the jail for mistakenly being placed in a top bunk for approximately one hour, "he doesn't want to hear anything else about it." Defendant Vergin has submitted an affidavit in which he asserts that he never made any such threat to Plaintiff. (Dkt. #19, Exhibit E). Plaintiff has failed to respond to the present motion and, therefore, has produced no evidence to the contrary. The undersigned recommends, therefore, that Defendant Vergin is entitled to summary judgment as to this claim.

**IV.     Defendant Watson**

The only factual allegation Plaintiff has asserted against Defendant Watson is that he directed Defendant Vergin to make the statement to Plaintiff discussed in the preceding section. In light of the unrefuted evidence that no such statement was made, the undersigned recommends that Defendant Watson is entitled to summary judgment as to this claim.

**CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant Vergin, Tendziegloski, and Watson's Motion for Summary Judgment</u>, (dkt. #17), be **granted**; <u>Defendant Wellman's Motion for Summary Judgment</u>, (dkt. 20), be **granted**; and this action **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: February 5, 2013                     /s/ Ellen S. Carmody
                                           ELLEN S. CARMODY
                                           United States Magistrate Judge